IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MERQUIADES MARTINEZ , | : | CRIMINAL NO. |
| Movant, | : | 1:07-CR-257-01-JEC-GGB |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-cv-01329-JEC-GGB |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | MOTION TO VACATE |
| | : | 28 U.S.C. § 2255 |

**FINAL REPORT AND RECOMMENDATION**

Movant Merquiades Martinez has filed a motion to vacate sentence under 28 U.S.C. § 2255 [Doc. 871]. Movant seeks to challenge the constitutionality of his 120-month sentence which was imposed on January 6, 2009, following his guilty plea on September 16, 2008. [Doc. 665]. Presently before the Court for consideration are: (1) Movant's § 2255 motion to vacate [Doc. 871]; (2) the United States of America's (hereinafter "Government") response to the motion to vacate [Doc. 875]; and (3) Movant's reply to the Government's response [Doc. 879].

## I. **BACKGROUND**

On September 15, 2008, Movant pleaded guilty, pursuant to a negotiated plea agreement, to Count One of the indictment which charged him with conspiracy to manufacture at least one thousand marijuana plants. [Docs. 1, 665, Att. 1].[1]

The plea agreement included Movant's representation that he understood that he would be subject to a mandatory minimum term of imprisonment of ten years. [Doc. 665, Att. 1 at 2]. In addition, I advised Movant during the plea hearing that the mandatory minimum term of imprisonment was ten years. [Doc. 914 at 19].

As part of the plea agreement, Movant waived his right to appeal or collaterally attack his conviction and sentence. His plea agreement contained the following provision:

> LIMITED WAIVER OF APPEAL
> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding, including a § 2255, on any ground, except that the defendant may file a direct appeal of a sentence higher

---

[1] The guilty plea proceedings were held before me, a magistrate judge, pursuant to the consent of Movant. I then issued a Report and Recommendation to the district court judge recommending that the district court judge accept the guilty plea. Movant did not object to the Report and Recommendation, and the district judge adopted the Report and Recommendation and accepted the guilty plea on October 25, 2008. [Doc. 692].

than the otherwise applicable advisory sentencing guideline range. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of his sentence.

[Doc. 665, Att. 1, ¶ 18].

On January 6, 2009, the district judge imposed a 120-month (ten year) sentence and the Judgment and Commitment was entered on January 9, 2009. [Doc. 743, 752].

On January 14, 2009, Movant filed a notice of appeal. [Doc. 762]. However, on May 7, 2009, the United States Court of Appeals for the Eleventh Circuit dismissed the appeal based on the "valid and enforceable sentence appeal waiver" in the plea agreement. [Doc. 817].

On April 30, 2010[2], Movant filed this 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. [Doc. 871]. He alleged ineffective assistance of counsel in connection with his plea agreement and his appeal.

---

[2]Movant's motion was actually filed with the Court on April 30, 2010, [Doc. 871]; however, pursuant to the mailbox rule, the motion is deemed filed on April 16, 2010, the date Movant certified delivery of the motion, first class postage prepaid, to prison authorities for mailing. [Id.]; See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Fed. R. App. P. 4(c); 28 U.S.C. § 1746.

## II. MOVANT'S CLAIM THAT HIS COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL IN ADVISING HIM TO ENTER HIS PLEA IS WITHOUT MERIT

Movant explains in his reply brief that he does not contend that his plea was not knowing or intelligent. Rather, he contends that his counsel was ineffective for advising him to enter into the plea agreement. He asserts that if he had not entered into the plea agreement he could have received a sentence below 120 months or appealed his 120-month sentence. [Doc. 879 at 3-6]. Movant emphasizes that the pre-sentence report calculated his applicable guideline range as 108-135 months, which, he contends, could have resulted in a sentence below 120 months. Also, he states that if the district court had granted his objections at sentencing, the guideline range could have been as low as 70-87 months. [Id. at 2; Doc. 871 at 4, 14-21].

The government's response to this argument does not rely on the waiver of collateral attack in the plea agreement because the government construes Movant's argument as an ineffective assistance of counsel claim that affects the validity of the waiver or the guilty plea. See Doc. 875 at p. 6 (citing and quoting United States v. White, 307 F.3d 336, 343 (5th Cir. 2002) for the proposition that "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself"). Instead,

4

the government argues that any claim of ineffective assistance at the district court level is without merit because counsel correctly advised Movant that he was subject to a mandatory minimum ten year sentence and that he could not have received a sentence lower than ten years.

The government is correct that Movant's ineffective assistance of counsel claim (at the district court level) is without merit. The indictment and the factual basis provided by the government at the plea hearing alleged that Movant's conspiracy involved at least 1,000 marijuana plants. Movant did not and does not dispute that his crime involved at least 1,000 marijuana plants; as a result, his mandatory minimum sentence was ten years of imprisonment. [Doc. 871 at 9]. See 21 U.S.C. § 841(b)(1)(A)(vii); USSG § 5G1.1(b).

District courts are bound by the mandatory minimum penalties even if a guideline range encompasses a sentence that is less than the mandatory minimum. See United States v. Castaing-Sosa, 530 F.3d 1358, 1362 (11th Cir. 2008)(district courts remain bound by statutes designating mandatory minimum sentences even after United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005) made the Sentencing Guidelines advisory; "[t]hus, Booker's instruction to district courts to consider the factors in § 3553(a) in fashioning a reasonable sentence cannot be read to authorize

5

using the § 3553(a) factors to impose a sentence below an applicable statutory mandatory minimum"). Because Movant could not have received a sentence below 120 months, his claim that his counsel provided ineffective assistance in advising him to enter the plea agreement is without merit.

### III. MARTINEZ'S CLAIM THAT HIS COUNSEL WAS INEFFECTIVE ON APPEAL IS WAIVED AND WITHOUT MERIT

Movant claims that his counsel was ineffective on appeal. He asserts that his counsel was ineffective for failing to raise on appeal a claim that his waiver was not knowingly and voluntarily entered because counsel incorrectly advised Movant that his lowest possible sentence was 120 months of imprisonment. [Doc. 871 at 13]. A defendant who enters into a plea agreement may waive his right to appeal or collaterally challenge his sentence, and the waiver will be enforced if it is made knowingly and voluntarily. See United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001), cert. denied, 536 U.S. 961 (2002); United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993)."[A]n ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself." United States v. White, 307 F.3d 336, 343 (5th Cir. 2002). Movant's waiver was knowing and voluntary. Therefore, this claim

6

is waived because the alleged ineffective assistance on appeal does not directly affect the validity of the plea or waiver.

Also, as discussed above, counsel's advice regarding the 120-month sentence was correct. Thus, in addition to being waived, Movant's claim likewise fails on the merits. See Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990)(counsel will not be deemed ineffective for failing to raise non-meritorious issues on appeal).

## IV. CERTIFICATE OF APPEALABILITY

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

7

Movant has failed to make a substantial showing of the denial of a constitutional right. Movant waived his right to collaterally attack his sentence, and the claims on ineffective assistance of counsel not precluded by the waiver are without merit. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

## V. CONCLUSION

Based on the foregoing, **I RECOMMEND** that Movant Merquiades Martinez's, motion to vacate sentence [Doc. 871] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 30th day of August, 2011.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE